******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

LANCE WARGO *v.* COMMISSIONER
OF CORRECTION
(SC 19231)

Rogers, C. J., and Palmer, Zarella, Eveleigh, McDonald, Espinosa and
Vertefeuille, Js.

Argued March 18—officially released April 14, 2015

*Christopher Duby*, assigned counsel, with whom, on
the brief, was *Freesia Singngam*, assigned counsel, for
the appellant (petitioner).

*James A. Killen*, senior assistant state's attorney,
with whom, on the brief, were *Matthew Gedansky*,
state's attorney, and *Erika Brookman*, assistant state's
attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Lance Wargo, was convicted of, inter alia, murder and arson in connection with the death of his wife as the result of a fire at their house. See *State* v. *Wargo*, 255 Conn. 113, 763 A.2d 1 (2000). The petitioner brought this habeas action claiming that his trial attorney rendered ineffective assistance due to a conflict of interest that arose when the attorney represented the petitioner in both a fire damage claim against his homeowner's insurance carrier and at his criminal trial. The habeas court determined that there was no legal authority supporting the petitioner's position that the claimed conflict of interest adversely affected his trial attorney's performance by causing the attorney to refrain from filing a motion to suppress on the ground of the attorney's own unethical conduct. Therefore, the habeas court rendered judgment denying the petition for a writ of habeas corpus. The Appellate Court affirmed the habeas court's judgment, concluding that the habeas court properly found that the petitioner's trial attorney had advised him regarding the risks in cooperating with the insurance carrier's investigation, but that the petitioner was adamant in pursuing his insurance proceeds claim and maintaining his innocence. *Wargo* v. *Commissioner of Correction*, 144 Conn. App. 695, 704, 73 A.3d 821 (2013). It also concluded that the habeas court had properly determined that, regardless of whether the petitioner's trial attorney had a conflict, his failure to file a motion to suppress did not constitute ineffective assistance of counsel because there was no legal authority for the ground suggested by the petitioner. Id., 705. Thereafter, we granted the petitioner's petition for certification to appeal limited to the following issue: "Did the Appellate Court properly affirm the judgment of the habeas court rejecting the petitioner's claim that he was entitled to a writ of habeas corpus with respect to his conviction of murder and arson because the attorney in his criminal case was burdened by a conflict of interest arising out of his representation of the petitioner on a contingency fee basis in connection with his claim against his insurance company for payment for the losses he sustained as a result of the same fire that formed the basis of the arson charge?" *Wargo* v. *Commissioner of Correction*, 310 Conn. 944, 80 A.3d 908 (2013).

After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.